NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 899

IN RE TELULAR CORPORATION,

Petitioner.

On Writ of Mandamus from the United States District Court for the Eastern District of Texas in case no. 2:07-CV-282, Judge T. John Ward.

ON PETITION FOR WRIT OF MANDAMUS

Before MAYER, SCHALL, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

## ORDER

Telular Corporation petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its September 10, 2008 order denying Telular's motion to transfer venue, and to direct the Texas district court to transfer the case to the United States District Court for the Northern District of Illinois. Tobi Gellman, trustee of the Mayer Michael Lebowitz Trust, opposes.

Gellman, a resident of Dallas, Texas, filed this suit in the Eastern District of Texas, alleging that Telular and several other named defendants[*] infringe a patent relating to a system for transmitting alarm data through a cellular network. Telular,

---

[*] Gellman's complaint named ADT Security Services, Inc., a Delaware corporation with its primary place of business in Boca Raton, Florida, Digital Security Controls, Inc., a New York corporation with its primary place of business in Ontario, Canada, Europlex Technologies (USA), Inc., a Georgia corporation with its primary place of business in Atlanta, Georgia, Napco Security Systems, Inc., a Delaware corporation with its primary place of business in Amityville, New York, and Telular. Two other companies, Diebold, Inc. and Protection One, Inc., were originally named in the complaint but were later dismissed.

which is incorporated in Delaware and operates principally out of its office in Chicago, Illinois, asked the district court to transfer the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), which authorizes changes of venue "for the convenience of parties and witnesses, in the interest of justice." Telular argued that it lacked any significant connection to the Eastern District of Texas and that the Northern District of Illinois was far more convenient because a number of Telular's witnesses reside in Chicago and its Chicago offices house a significant amount of the evidence relevant to the case. The district court denied the motion, finding that the Eastern District of Texas was far more convenient for Gellman and that a number of Telular's own witnesses residing in Atlanta would be more inconvenienced by traveling to Chicago to testify.

Telular now petitions for a writ of mandamus asking this court to vacate the district court's denial order and direct the court to transfer the case to the Northern District of Illinois. The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Because this petition does not involve substantive issues of patent law, this court applies the laws of the regional circuit in which the district court sits, in this case the Fifth Circuit. In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed. Cir.

2008) (citing <u>Storage Tech. Corp. v. Cisco Sys., Inc.</u>, 329 F.3d 823, 836 (Fed. Cir. 2003)).

The Fifth Circuit applies the public factors and private factors that are used to determine <u>forum</u> <u>non</u> <u>conveniens</u> when deciding a 1404(a) transfer question. As we noted in <u>TS Tech</u>, the private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." <u>TS Tech</u>, 551 F.3d at 1319 (citing <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 n.6 (1981)). The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." <u>TS Tech</u>, 551 F.3d at 1319 (citing <u>In re Volkswagen of Am., Inc.</u>, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

Telular faces an extraordinary burden in this case. First, the equities lie considerably against granting mandamus. <u>See</u> <u>United States v. Dern</u>, 289 U.S. 352, 359 (1933) ("Although the remedy by mandamus is at law, its allowance is controlled by equitable principles . . . and it may be refused for reasons comparable to those which would lead a court of equity in the exercise of a sound discretion, to withhold its protection of an undoubted legal right."). Telular waited five months after the district court's ruling to file its petition, which weighs against the need for issuance of an extraordinary writ. <u>See</u> <u>United States v. Braasch</u>, 542 F.2d 442 (7th Cir. 1976) (denying

mandamus for waiting five months after entry of underlying order to file petition for a writ); United States v. Olds, 426 F.2d 562 (3d Cir. 1970) (denying writ after three-month delay); United States v. Carter, 270 F.2d 521 (9th Cir. 1959) (writ denied after a four-month delay).

Even if Telular had acted diligently, mandamus relief in § 1404(a) cases is only permitted when the petitioner is able to demonstrate that the denial of transfer was a "clear" abuse of discretion such that refusing transfer produced a "patently erroneous result." Volkswagen, 545 F.3d at 310. A suggestion that the district court abused its discretion, which might warrant reversal on a direct appeal, is not a sufficient showing to receive mandamus relief. Id.; see also Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383 (1953) ("[I]t is established that the extraordinary writs cannot be used as substitutes for appeals . . . even though hardship may result from delay and perhaps unnecessary trial"). Unless it is clear that the facts and circumstances are without any basis for a judgment of discretion, we will not proceed further in a mandamus petition to examine the district court's decision. Volkswagen, 545 F.3d at 317 n.7 (citing McGraw-Edison Co. v. Van Pelt, 350 F.2d 361, 363 (8th Cir. 1965)). In other words, we will deny a petition "[i]f the facts and circumstances are rationally capable of providing reasons for what the district court has done." Volkswagen, 545 F.3d at 317 n.7; see also In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985) (noting that "if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus").

Telular argues that the only relationship between this case and the Eastern District of Texas other than Gellman's choice of venue is that a distributor installs

Telular's cellular alarm security systems in homes in the venue and that those alarms are capable of transmitting radio waves through the venue to Telular's message center in Atlanta. We cannot agree with Telular, however, that this necessitates transfer. The Eastern District of Texas may have no more of an interest in this case than any other district in which Telular's systems are ultimately installed. This alone, however, does not mean that Telular's alternative choice of venue, in this case the Northern District of Illinois, is clearly more convenient. See Action Indus. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004) ("The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." (internal citation omitted)).

Telular also mentions that a number of its own party witnesses and fact witnesses residing in Chicago will be inconvenienced by testifying in Texas and that it is inconvenient to transport its physical and documentary evidence (whether in electronic or paper form) from Chicago to Texas. However, Gellman asserts that at least two of Telular's own witnesses reside in Atlanta, and any documents in the Atlanta office would need to be transported to the court in Illinois if the case was transferred. Gellman, a resident of Texas, also asserts that it would be far more inconvenient for him to try his case in Illinois. Based on these circumstances, Telular has not shown that the district court clearly abused its discretion in denying transfer. The district court weighed competing positions which were reasonably supported by the facts. This situation is in stark contrast to the circumstances leading to the grants of mandamus in TS Tech and Volskwagen, in which the facts overwhelmingly supported transfer. In such situations, courts may be required to grant mandamus to correct an order that

clearly exceeds the bounds of judicial discretion. Here, however, a rational legal argument exists in support of the trial court's ruling, and mandamus is inappropriate. Cordis, 769 F.2d at 737.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

APR  3 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   James Philip Hanrath, Esq.
      Edward W. Goldstein, Esq.
      Clerk, United States District Court for the Eastern District of Texas, Marshall Division

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 03 2009

JAN HORBALY
CLERK