# United States Court of Appeals for the Federal Circuit

---

**IN RE TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING KENTUCKY, INC., TOYOTA MOTOR MANUFACTURING, INDIANA, INC., AND GULF STATES TOYOTA, INC.,**

---

2014-113

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 6:12-cv-404-MHS, 6:12-cv-405-MHS, 6:12-cv-406-MHS, 6:12-cv-408-MHS, 6:12-cv-409-MHS and 6:12-cv-410-MHS, Judge Michael H. Schneider.

---

## ON MOTION

---

THOMAS R. MAKIN, Keynon & Keynon LLP, of New York, New York, for petitioner. With him on the petition were GEORGE E. BADENOCH, JOHN FLOCK, and A. ANTONY PFEFFER.

ALISA A. LIPSKI, Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. of Houston, Texas, for respondent. With her on the response was JAMIE ALAN AYCOCK.

---

Before PROST, O'MALLEY, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

## **O R D E R**

In this patent-infringement case, the United States District Court for the Eastern District of Texas entered an order denying a motion to sever the claims against the Gulf States defendant from the claims against all the remaining defendants (we refer to the latter collectively as "Toyota"), to transfer the resulting separate action against Toyota to the United States District Court for the Eastern District of Michigan, and to stay the retained claims against Gulf States. Toyota and Gulf States seek a writ of mandamus directing the district court to grant the motion. Plaintiff American Vehicular Sciences LLC (AVS), which owns the patents at issue, opposes.

A district court may "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Applying Fifth Circuit law in cases from district courts in that circuit, this court has granted writs of mandamus to correct denials of transfer that were clear abuses of discretion under governing legal standards. *See In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011); *In re Nintendo, Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Genentech Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *accord In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

AVS brought this suit in the Eastern District of Texas in 2012, five months after AVS was incorporated in the Western District of Texas. AVS is a subsidiary of patent-licensing and -enforcing company Acacia Research Inc. and shares an office in the Eastern District of Texas with other subsidiaries of Acacia. At least some of the patents at issue are in the same family as patents that were the

subject of cases litigated in the Eastern District of Michigan from the early 2000s to 2011. *See, e.g.*, *Auto. Techs. Int'l, Inc. v. Delphi Corp.*, 776 F. Supp. 2d 469 (E.D. Mich. 2011); *Auto. Techs. Int'l, Inc. v. Siemens VDO Auto. Corp.*, 669 F. Supp. 2d 836 (E.D. Mich. 2009).

A few months after this suit began, Toyota and Gulf States filed a motion making three related requests. Invoking Fed. R. Civ. P. 21, they moved to sever the claims against Gulf States. Invoking 28 U.S.C. § 1404(a), they moved to transfer the claims against Toyota to the Eastern District of Michigan. After transfer of the claims against Toyota, they argued, the remaining claims against Gulf States should be stayed pending resolution of the transferred case in Michigan. The transfer and stay requests are related because, they said, Gulf States could not be sued in the Eastern District of Michigan. Gulf States is located in Houston, Texas (*i.e.*, the Southern District of Texas), and is an independent distributor of Toyota vehicles in Arkansas, Louisiana, Mississippi, Oklahoma, and Texas.

The district court, adopting the ruling of the magistrate judge, did not rule on the requests to sever and stay separately from the request to transfer. Instead, it set Gulf States to one side to consider whether the standards for transferring the claims against Toyota are met. The court held that they are not, concluding that "the convenience factors do not indicate that transfer to the Eastern District of Michigan would be clearly more convenient." Based on that transfer denial, the court denied the severance-and-stay motion, stating that "there is little, if any, reason to sever and stay the claims against Gulf States."

In reaching its conclusion about transfer, the court found no factor favoring retention of the claims against Toyota in the Eastern District of Texas. In particular, it did not count the recent opening of an office by AVS as weighing in favor of the transferor forum. *Cf. In re Mi-*

*crosoft*, 630 F.3d at 1364-65. On the other hand, the district court found that several factors favor transfer to the Eastern District of Michigan. In particular, the court determined that the interest in ease of access to sources of proof weighs in favor of transfer. It also determined that transfer is supported by the public interest factor that looks at local interests in the litigation. Those determinations are amply supported.

The district court found that two factors—the availability of compulsory process to secure attendance of witnesses and the cost of attendance for willing witnesses—are neutral regarding transfer. That determination appears to be incorrect. No non-party witnesses have been identified as being within the Eastern District of Texas.[1] On the other hand, it appears undisputed that a number of witnesses in the Eastern District of Michigan have knowledge potentially relevant to infringement and validity issues, even if it is not possible at present to specify further just how material their testimony might be to the yet-undeveloped issues in the case. The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums. *See In re Nintendo*, 589 F.3d at 1199-200; *In re Genentech*, 566 F.3d at 1346. This comparison appears not to be neutral, but to favor transfer.

---

[1]    AVS asserts in its response to the mandamus petition that "witnesses for AVS are located in the EDTX." But the only cited evidence is a document stating no more than that AVS is "located in Texas" and "any of its witnesses would have to travel to Michigan." That statement does not establish that there are witnesses in the Eastern District of Texas, and the district court did not rely on AVS's statement.

We need not draw any definitive conclusion, however, about the district court's determination in that respect. Nor need we disagree with, or further analyze, the district court's treatment of certain other related litigation as neutral regarding transfer here. The court noted that the Eastern District of Michigan had been home to several cases involving patents in the same family, breeding decisions and familiarity of some relevance to the present case. The district court in this case also noted that the Eastern District of Texas is currently home to several other cases involving the patents at issue here, though AVS initiated those cases more or less simultaneously with the present case.[2]

Taken on its own terms, the district court's analysis presents a clear overall picture: nothing favors the transferor forum, whereas several factors favor the transferee forum. The analysis may not show that the transferee forum is *far* more convenient. But that is not what is required. With nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is *"clearly* more convenient." *In re Volkswagen*, 545 F.3d at 315 (emphasis added); *In re TS Tech.*, 551 F.3d at 1320 ("Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis"). In these circumstances, the district court's no-transfer conclusion was a clear abuse of discretion.

The district court declined to sever (or stay) the claims against Gulf States based entirely on its determination that transfer would not be appropriate in any event. Because we reverse that premise, the district court must newly address the severance-and-stay motion on

---

[2] Petitioners state, without contradiction, that one of those cases has settled and transfer motions are pending in others.

remand. It must do so on the premise that, putting Gulf States aside, Toyota has a clear right to transfer. The district court cited a district court decision, which in turn cites many other district court decisions, addressing requests for severance coupled to transfer requests. *See Shifferaw v. Emson USA*, No. 2:09-CV-54, 2010 WL 1064380 (E.D. Tex. Mar. 18, 2010). If the district court severs the claims against Gulf States, the remainder of the case must be transferred.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted, the order denying the motion to transfer, sever, and stay is vacated, and the case is remanded for further proceedings consistent with this Order.


FOR THE COURT


 April 3, 2014                    /s/ Daniel E. O'Toole
      Date                       Daniel E. O'Toole
                                 Clerk of Court