# United States Court of Appeals
# for the Federal Circuit

---

**IN RE NINTENDO OF AMERICA, INC., MICRO ELECTRONICS, INC., HASTINGS ENTERTAINMENT, INC., GAMESTOP CORP., BEST BUY STORES, L.P., BESTBUY.COM, LLC, KMART CORPORATION, TARGET CORPORATION, AND TOYS 'R' US-DELAWARE, INC.**

---

2014-132

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:13-cv-00032-JRG and 2:13-cv-00289-JRG, Judge J. Rodney Gilstrap.

---

STEPHEN R. SMITH, Cooley LLP, of Reston, Virginia, for petitioner Nintendo of America Inc. With him on the petition were LORI R. MASON, of Palo Alto, California, for petitioner Nintendo of America Inc.; and JAY F. UTLEY, Baker & McKenzie LLP, of Dallas, Texas for all other petitioners including Nintendo of America Inc.

JAMES E. DAVIS, Ferguson, Braswell & Fraser, P.C., of Plano, Texas, for respondent Axcess, LLC. With him on the response were CASEY L. GRIFFITH and KELLY J. KUBASTA, Klemchuk & Kubasta, LLP, of Dallas, Texas.

ROBERT S. SCHWARTZ, Constantine Cannon LLP, of Washington, DC, for amicus curiae. With him on the brief was ROSA M. MORALES.

---

**ON PETITION**

---

Before NEWMAN, RADER,* and HUGHES, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

# O R D E R

Nintendo of America, Inc. distributes its DS video game systems to stores and online dealers, which retail the gaming system either as a stand-alone product or bundled with video games and other accessories. Secure Axcess LLC brought this suit in the United States District Court for the Eastern District of Texas, charging Nintendo and eleven retailer defendants (the "Retailers") with patent infringement. The district court denied the motion of Nintendo and the Retailers to sever and stay the claims against the Retailers, and transfer the separated action against Nintendo to the Western District of Washington. Nintendo and the Retailers filed this petition for a writ of mandamus.

A district court is authorized to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where, as here, it is unclear whether the entire action could have been brought in the transferee venue, courts may sever defendants for purposes of transfer. Fed. R. Civ. P. 21; *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). This court has granted writs of mandamus in circumstances similar to those herein. *E.g.*, *In re Toyota*

---

\* Randall R. Rader vacated the position of Chief Judge on May 30, 2014.

*Motor Corp.*, 747 F.3d 1338 (Fed. Cir. 2014); *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012).

Nintendo coordinates the manufacture and marketing of its products in the United States from its Redmond, Washington campus, where it employs approximately 830 persons. Nintendo states that location is where key executives work, sales and marketing decisions concerning the accused products are made, and where it maintains documents relating to finance, sales, licensing, contracts, advertising, and product development. Plaintiff Secure Axcess is a company that acquires, licenses, and enforces patents. While its executives work in various parts of the country, Secure Axcess states that all of its officers' business cards list its principal place of business in Plano, Texas, where it leased 200 square feet of office space before filing its first infringement suit in the Eastern District of Texas.

After Secure Axcess filed its complaint, petitioners moved to sever and transfer the claims against Nintendo to the Western District of Washington, where a substantial portion of the witnesses and documents relating to the litigation are located. Although two of the eleven Retailers are headquartered in Texas, petitioners pointed out that none maintained principal operations in the Eastern District of Texas or had any information relating to the development or design of the accused Nintendo products. Petitioners further requested that the remaining claims be stayed, pointing out that the Retailers had stipulated that they would be bound by any judgment rendered by the transferee court in the Nintendo litigation.

The district court denied the motion. Noting Secure Axcess' assertion it could obtain a higher royalty against the Retailers in light of "higher retail prices and the retailers' practice of bundling the accused systems with video games and other accessories," the district court

determined that it should not sever the claims because "Plaintiffs should be allowed to pursue Nintendo and the Retailer Defendants simultaneously for an award of damages, even though it may only collect once." *Secure Axcess, LLC v. Nintendo of Am. Inc.*, No. 2:13-cv-32, 2014 WL 986169, at *5 (E.D. Tex. Mar. 7, 2014). Having decided against severance, the district court held that the request for transfer must be denied. *Id.* at *6.

When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This "customer-suit" exception to the "first-to-file" rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the "true defendant" in the dispute. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977).

While the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant. However, unlike the district court, we do not think that this preference "tempers" transfer pursuant to § 1404(a). *Secure Axcess*, 2014 WL 986169, at *3. Their goals are not at cross purposes; the customer-suit exception, Rule 21, and § 1404(a) are all designed to facilitate just, convenient, efficient, and less expensive determination. *See* Fed. R. Civ. P. 1; *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (Section 1404(a) serves to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'") (citation omitted); *Katz*, 909 F.2d at 1464.

Petitioners argue persuasively that granting this motion would resolve these claims more efficiently and conveniently. Indeed, the district court recognized that "the issues of infringement and validity are common to Nintendo and the Retailer Defendants" and that if Secure Axcess were to collect royalties from Nintendo, this would preclude suit against the Retailers. *Secure Axcess*, 2014 WL 986169, at *4-5. Moreover, the record reflects that all of Nintendo's identified witnesses reside in the transferee forum or would find travel to and from that venue significantly more convenient; no witness was identified as residing in the Eastern District of Texas.

Secure Axcess maintains that its choice of forum is entitled to deference because it is filing in its "home venue." However, decisions granting transfer have looked beyond the connection of the parties with the transferor venue when the disparity of convenience is so marked as to outweigh the plaintiff's right to choose the forum. *See, e.g., In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). So too here, there is a "stark contrast in relevance, convenience, and fairness between the two venues." *In re Nintendo Co.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009).

Secure Axcess nonetheless contends that severance should be denied so that it may pursue, and have its choice of, the highest royalty rate among the defendants. This argument is outweighed, as in *Katz,* where we held that "[a]lthough there may be additional issues involving the defendants in [the customer] action, their prosecution will be advanced if [the plaintiff] is successful on the major premises being litigated in [the manufacturer litigation], and may well be mooted if [the plaintiff] is unsuccessful." 909 F.2d at 1464. This reasoning is similarly applicable here, for Secure Axcess has no claim against the Retailers unless the infringement claims against Nintendo are resolved in favor of Secure Axcess.

Severance and transfer are appropriate "where the administration of justice would be materially advanced . . . ." *Wyndham Assocs.*, 398 F.2d at 618. Since Nintendo's liability is predicate to recovery from any of the defendants, the case against Nintendo must proceed first, in any forum. The benefits of trying the case against Nintendo in the Western District of Washington are indisputable. We conclude that the district court should have exercised its discretion to grant the petition.

Accordingly,

IT IS ORDERED THAT:

The district court order denying the motion to sever, transfer, and stay is vacated, and the district court is directed to grant petitioners' motion.


                                        FOR THE COURT


        June 25, 2014                   /s/ Daniel E. O'Toole
           Date                         Daniel E. O'Toole
                                        Clerk of Court