NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  ADOBE INC.,**
*Petitioner*

---

2020-126

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:19-cv-00527-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before PROST, *Chief Judge*, MOORE and HUGHES, *Circuit Judges.*

PROST, *Chief Judge.*

## O R D E R

Adobe Inc. petitions for a writ of mandamus asking this court to direct the United States District Court for the Western District of Texas to grant its motion to transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California.  SynKloud Technologies, LLC opposes.  Adobe replies.

## BACKGROUND

SynKloud brought this suit against Adobe, a company headquartered in San Jose, California, alleging infringement of six patents by various Adobe products related to cloud storage. The complaint stated that SynKloud is a company organized under the laws of Delaware, with its principal place of business in Milton, Delaware.

Adobe moved the district court to transfer the case to the Northern District of California where it is headquartered pursuant to § 1404(a), which authorizes transfer "[f]or the convenience of parties and witnesses, in the interest of justice." Adobe argued that "[o]ther than this litigation, SynKloud does not appear to have any connection whatsoever to Texas," noting that SynKloud's President resides in New York, SynKloud was not registered to do business in Texas, and it did not appear to have any operations, employees, or customers in Texas. A.198.

Adobe further urged that the Northern District of California would be clearly more convenient. In support, Adobe submitted sworn declarations attesting to the fact that the teams responsible for the development, marketing, and sales of the accused services are primarily based in the Northern District of California. *See, e.g.*, A.264–68, 405–08. Adobe noted that its own witnesses who would likely testify about the design, marketing, and sales of the accused products overwhelmingly reside in the transferee forum. Adobe further argued that, while it has two offices in Austin, Texas, those offices "have nothing to do with the design, development, or operation of the Accused Products" that were at issue in the case. A.199.

Adobe additionally noted that the inventor of the asserted patents, Sheng Tai Tsao, and his company, STT WebOS, Inc., which had assigned the patents to SynKloud, are located in the Northern District of California, and hence were only subject to the subpoena power of the transferee court. Adobe argued that "Mr. Tsao and STT WebOS

have advertised that they had 'demonstratable' products 'protected by' most, if not all, of the patents-in-suit prior to the earliest filing date of the asserted patents, potentially invalidating them by violating the statutory on-sale bar," and thus "have highly relevant information related to the validity issues in this case." A.197.

After a hearing, the district court denied Adobe's motion from the bench. With regard to the relative ease of access to sources of proof factor, the district court found that the convenience of having Adobe's, the inventor's, and STT WebOS's documents in the Northern District of California outweighed SynKloud's purported convenience in the location of SynKloud's documents in New York and Virginia. The district court acknowledged a disagreement between the parties as to whether any Adobe employee in Austin, Texas had relevant knowledge. However, the court found that "even if I conclude and resolve this factual conflict in favor of SynKloud," it would still find "that this factor slightly favors transfer." A.1112.

The district court also concluded that the compulsory process factor "slightly favors transfer," noting that while "[w]itnesses related to the power of assignment and prior art rarely testify," "it [is] almost certain that one party or the other would want the inventor to testify." A.1113. The court noted a disagreement between the parties as to whether former Adobe employees in Austin, Texas had relevant information. But the court again explained that even if it resolved that conflict in SynKloud's favor, it seemed unlikely that all four identified individuals would testify and did not ultimately sway the court to weigh this factor in favor of retaining the case. The court also found that the local interest factor "is neutral to slightly favors transfer," given that "Adobe has facilities in both districts," and "SynKloud does not." A.1114.

The single factor that the court weighed in favor of retaining the case was the court congestion factor. The court

noted that it "had a year and a half of experience in terms of setting schedules and timing of cases and trials" and had "an order governing proceedings that I use in virtually every case that specifies that the trial will occur within roughly 44 to 47 weeks after a Markman hearing," and that "[t]o the best of my recollection," the court had no difficulty "setting a trial within that anticipated window." A.1114. While the court acknowledged that the Northern District of California "might be more convenient," it still decided to deny Adobe's motion. A.1115.

### DISCUSSION

Applying Fifth Circuit law in cases from district courts in that circuit, this court has held that mandamus may be granted to direct transfer for convenience upon a showing that the transferee forum is clearly more convenient, and the district court's contrary ruling was a clear abuse of discretion. *See In re Genentech, Inc.*, 566 F.3d 1338, 1348 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318–19 (Fed. Cir. 2008); *see also In re Radmax, Ltd.*, 720 F.3d 285, 287 (5th Cir. 2013); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

"A motion to transfer venue pursuant to § 1404(a) should be granted if 'the movant demonstrates that the transferee venue is clearly more convenient,' taking into consideration" the relevant private and public *forum non conveniens* factors. *Radmax*, 720 F.3d at 288 (quoting *Volkswagen*, 545 F.3d at 315); *see also In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (holding that "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer").

In denying Adobe's motion to transfer here, the district court committed several errors. First, the district court failed to accord the full weight of the convenience factors it considered and weighed in favor of transfer. Second, the

court overlooked that the willing witness factor also favored transferring the case. Third, the court ran afoul of governing precedent in giving dispositive weight to its ability to more quickly schedule a trial. Taken together, we agree that the district court's denial of transfer here was a clear abuse of discretion.

First, the district court failed to accord proper weight to the convenience of the transferee venue. The court, by its own assessment, found that no private convenience factor here favored retaining the case in the Western District of Texas and several such factors favored transfer. In particular, the court noted that in addition to Adobe, the inventor and his company were in Northern California, and hence transfer would make providing testimony or documentary evidence more convenient or allow a party to subpoena such information. The court also declined to credit any potential witness or location in the Western District of Texas as having relevant evidence. Clearly, "[w]hen fairly weighed," here, the compulsory process and sources of proof factors together tip "significantly in" favor of transferring the case. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at \*3 (Fed. Cir. Feb. 23, 2017); *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (determining that subpoena power of the transferee court "surely tips in favor of transfer" notwithstanding the possibility that some potential witnesses were within subpoena range of the transferor court). However, the district court only weighed those factors as "slightly" favoring the transferee forum.

Second, and relatedly, the district court failed to weigh the cost of attendance for willing witnesses factor in its discussion, yet this factor also favors transfer. Adobe identified a significant number of its own employees as potential witnesses who reside in the Northern District of California. On the other hand, SynKloud's own employees will be coming from outside both districts. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not

altered by the presence of other witnesses and documents in places outside both forums.").  Although SynKloud insisted that there may be Adobe employees working from its Austin, Texas office that may have relevant information, the district court found elsewhere in its analysis that, even if it could give SynKloud the benefit of the doubt here with regard to those sources of evidence, Northern California would still be more convenient.

Third, the district court erred in denying transfer based solely on its perceived ability to more quickly schedule a trial.  In *Genentech*, we granted mandamus where, like here, there was a stark contrast in convenience between the two forums.  566 F.3d at 1348.  There, the district court found that the court congestion factor weighed against transfer based solely on its assessment of the average rate of disposition of cases between the two forums.  *Id.* at 1347.  We questioned whether the court congestion factor was relevant under the circumstances and held that even without disturbing the court's suggestion that it could dispose of this case more quickly than the transferee venue, where "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Id.*

The same conclusion follows here.  Like the district court's analysis in *Genentech*, the district court's assessment of the court congestion factor here does not withstand scrutiny.  The factor concerns whether there is an appreciable difference in docket congestion between the two forums.  *See Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("The real issue is . . . whether a trial may be speedier in another court because of its less crowded docket.").  Nothing about the court's general ability to set a schedule directly speaks to that issue.  Nor does the record demonstrate an appreciable difference in docket congestion between the forums that could legitimately be

worthy of consideration under this factor.\* Yet even without disturbing the court's suggestion that it could more quickly resolve this case based on its scheduling order, with several factors favoring transfer and nothing else favoring retaining this case in Western Texas, the district court erred in giving this factor dispositive weight.

In short, retaining this case in the Western District of Texas is not convenient for the parties and witnesses. It is not in the interest of justice or proper administration. And the district court's contrary determination amounted to a clear abuse of discretion. We therefore grant Adobe's petition for a writ of mandamus to direct transfer.

Accordingly,

IT IS ORDERED THAT:

The petition is granted.

FOR THE COURT

July 28, 2020                    /s/ Peter R. Marksteiner
       Date                      Peter R. Marksteiner
                                 Clerk of Court

s35

---

\*    SynKloud merely referred to the district court's own statement in another case, *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 WL 4743678, at \*7 (W.D. Tex. Sept. 13, 2019), in which the court relied on the same scheduling order to state that it averaged a 25% faster time to trial when compared to the Northern District of California.