NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  QUEST DIAGNOSTICS INCORPORATED,**
*Petitioner*

---

2021-193

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00972-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, PROST, and HUGHES, *Circuit Judges.*

PER CURIAM.

### O R D E R

Quest Diagnostics Incorporated petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the Central District of California. Ravgen, Incorporated opposes. Because we find the district court clearly abused its discretion in evaluating the transfer motion, we grant the petition and direct the district court to transfer.

I

Ravgen filed this suit in the federal district court in Waco, Texas on October 16, 2020, accusing Quest's QNatal Advanced test of infringing two patents relating to non-invasive tests for prenatal genetic disorders.

On December 28, 2020, Quest moved to transfer the case pursuant to 28 U.S.C. § 1404(a), arguing that the Central District of California was a more convenient forum. Quest emphasized that its knowledgeable employees work in the Central District of California and that third-party witnesses also reside in the district. And although Quest maintains patient service centers across the country—including in the Western District of Texas—Quest designed, developed, and continues to perform QNatal Advanced testing only in the Central District of California. Quest also argued that Ravgen, headquartered in Maryland, has no meaningful connections to the Western District of Texas.

Ravgen argued, among other things, that judicial economy strongly favored denying the motion. Ravgen noted that it had filed three related complaints in the Western District of Texas, alleging infringement of the same two patents. *See* Complaint at 26, *Ravgen, Inc. v. PerkinElmer, Inc.*, No. 1:20-cv-822 (W.D. Tex. June 1, 2020), ECF No. 1[1]; Complaint at 18, ¶ 48, *Ravgen, Inc. v. Natera, Inc.*, No. 1:20-cv-692 (W.D. Tex. June 1, 2020), ECF No. 1; Complaint at 19, ¶ 47, *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. 6:20-cv-969 (W.D. Tex. Oct. 16, 2020), ECF No. 1.

After analyzing the public and private interest factors that govern transfer determinations, the district court denied Quest's motion on August 20, 2021. The court found that the local-interest factor slightly favored transfer. But the court further found that it could likely adjudicate the

[1]    Ravgen's case against PerkinElmer was dismissed on September 30, 2021 based on a joint stipulation.

case faster than the Central District of California and that judicial economy considerations weighed strongly against transfer. In particular, the court noted it was already familiar with the issues in this case because it had conducted *Markman* hearings and construed claims in the earlier-filed *PerkinElmer* and *Natera* cases. Additionally, the court determined that it could consolidate some proceedings for this case and the *LabCorp* case, which were filed on the same day. The district court found the rest of the transfer factors neutral. On balance, the district court concluded that Quest did not show that the transferee venue was clearly more convenient.

Quest filed this petition on September 30, 2021. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

## II

We review transfer determinations in cases arising on mandamus from district courts in the Fifth Circuit for "clear abuses of discretion that produce patently erroneous results." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc). In general, a writ must satisfy three conditions: (1) the petitioner must demonstrate a clear and indisputable right to issuance, (2) the petition must have no other adequate method of attaining the desired relief, and (3) the writ must be appropriate under the circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004). "In the § 1404(a) transfer context, however, the test for mandamus essentially reduces to the first factor . . . ." *In re Apple Inc.*, 979 F.3d 1332, 1336–37 (Fed. Cir. 2020). Accordingly, on appeal we review whether Quest has shown a clear and indisputable right to issuance of the writ

by analyzing four public and four private factors that traditionally govern transfer determinations.[2]

First, the district court correctly recognized that "[t]he convenience of witnesses is the single most important factor in the transfer analysis." Order at 6, *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 6:20-cv-00972 (W.D. Tex. Aug. 20, 2021), ECF No. 52 (*Transfer Order*) (citation omitted). But the court erred in finding that factor neutral. Quest identified at least five party witnesses located in the Central District of California, with one other party witness residing in New Jersey.[3] Ravgen's witnesses, on the other hand, all reside in Maryland. Still, the court determined that this factor was neutral because it found that the

---

[2]     The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1317 (Fed. Cir. 2021).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Id.* at 1316–17.

[3]     The district court presumed that not all of the listed witnesses would testify at trial. *Transfer Order* at 7. We have repeatedly said that discounting witnesses based on assumptions rather than case-specific evidence is insufficient. *Juniper*, 14 F.4th at 1319 (listing cases).

convenience of the Western District of Texas for Ravgen's witnesses counterbalanced the convenience of the Central District of California for Quest's witnesses.

This analysis is improper. "[W]hen there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer." *In re Google LLC*, 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). And even though the physical distance from Maryland and New Jersey to the Central District of California is greater than the distance to Waco, the record does not show that the total travel time for out-of-district witnesses would be significantly different. "There is no major airport in the Waco Division of the Western District of Texas, and the Waco courthouse is more than 100 miles from the nearest airport with direct flights to the northeast U.S." *Id*. Streck, Inc., a third party headquartered in Nebraska, even testified in a sworn declaration that the Central District of California would be more convenient for its witnesses. Ryan Wilkins Declaration at 1–2, *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 6:20-cv-00972 (W.D. Tex. Jan. 15, 2021), ECF No. 34, Attachment 1. The district court clearly abused its discretion by not weighing the witness-convenience factor in favor of transfer.

Second, the district court erred in its assessment of the sources-of-proof factor. The court discounted documents located in the Central District of California that relate to the development, validation, testing, and performance of the accused product. It reasoned that Quest had not shown that those documents were inaccessible in Western Texas. *Transfer Order* at 4–5. While electronic storage makes documents more widely accessible, this factor remains relevant. *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("[T]he question is *relative* ease of access, not *absolute* ease of access."). Moreover, the fact that some evidence is stored in places outside both forums—like New Jersey, Maryland, and Nebraska—does not weigh against

transfer. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014). Therefore, the district court clearly abused its discretion in not weighing this factor slightly in favor of transfer.

Third, the district court erred in weighing court congestion "strongly against transfer." *Transfer Order* at 11. In doing so, the court relied primarily on a comparison of average time to trial data for patent cases in the Central District of California against the district court's "Order Governing Proceedings," which "sets patent cases for trial at 52 weeks after Markman hearings." *Transfer Order* at 10. But we have repeatedly explained that "it is improper to assess the court congestion factor based on the fact that the Western District of Texas has employed an aggressive scheduling order for setting a trial date." *In re Juniper*, 14 F.4th 1313, 1322 (Fed. Cir. 2021); *see also In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380–81 (Fed. Cir. 2021); *Apple*, 979 F.3d at 1344. Because the district court did not properly find an appreciable difference in docket congestion between the two forums, the district court clearly abused its discretion in not weighing this factor as neutral.

Fourth, the district court erred in weighing the other-practical-problems factor "strongly against transfer." *Transfer Order* at 10. The district court pointed to "three co-pending cases involving the same patents and the substantial judicial resources this Court has spent on the asserted patents, including claim construction." *Transfer Order* at 10. Judicial economy considerations can favor retaining a case in the same district as related, co-pending litigation. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) ("[I]t was not plainly incorrect to conclude that having the same magistrate judge handle this and the co-pending case involving the same patent would be more efficient than requiring another magistrate or trial judge to start from scratch."). Here, however, the district court has legally erred in its consideration of this factor.

By the time that Quest filed its motion to transfer with the district court on December 28, 2020, we had already instructed the district court on numerous occasions that "once a party files a transfer motion, disposition of that motion should take top priority in the case." *Apple*, 979 F.3d at 1343 (listing cases). But instead of promptly considering the transfer motion, the court waited nearly eight months—until August 20, 2021—to rule on the transfer motion. That discovery and *Markman* hearings in this and related cases occurred well after the transfer motion was filed is not a significant factor. The district court gave "undue priority to the merits of [the] case" by proceeding through claim construction despite the pending motion to transfer. *Id.* That "should not be counted against that party in the venue transfer analysis." *Id.* Accordingly, the district court clearly abused its discretion in not weighing this factor as neutral.

For the foregoing reasons, the district court's errors caused a patently erroneous result. We therefore grant Quest's petition directing transfer of the case.

IT IS ORDERED THAT:

The petition is granted. The district court's August 20, 2021 order is vacated, and the district court is directed to transfer this matter to the United States District Court for the Central District of California.

FOR THE COURT

November 10, 2021          /s/ Peter R. Marksteiner
       Date               Peter R. Marksteiner
                          Clerk of Court

s25