NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: MICROSOFT CORPORATION,**
*Petitioner*

---

2023-128

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00242-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before PROST, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

Microsoft Corporation petitions for a writ of mandamus vacating the district court's order denying transfer under 28 U.S.C. § 1404(a) and directing that the case be transferred from the United States District Court for the Western District of Texas ("WDTX") to the United States District Court for the Western District of Washington ("WDWA").  Virtru Corporation responds.  We grant the petition.

## BACKGROUND

Virtru brought suit against Microsoft for patent infringement in the Waco division of WDTX. Microsoft moved to transfer the case to WDWA under 28 U.S.C. § 1404(a), noting that it is incorporated in Washington and headquartered in WDWA; that WDWA is where Microsoft designed, developed, and worked on implementing accused technology and where the events took place that form the basis of Virtru's willful infringement allegations; and that neither party had any relevant operations in WDTX.

The district court denied the motion, concluding that access to sources of proof and local interest slightly favored transfer; administrative difficulties flowing from court congestion disfavored transfer; and the other factors were neutral. Of particular note, the court found 27 Microsoft employees in WDWA were potential witnesses (individuals identified by the parties with relevant and material information). Nonetheless, the court found that the willing witness factor was neutral, citing the fact that Virtru had identified eight potential party witnesses more conveniently located near (but not in) WDTX. The court also found that Microsoft's identification of nine potential non-party witnesses in WDWA with information relating to the development of accused technology, prior art, and Virtru's allegations of willful infringement, was offset by five potential non-party witnesses identified by Virtru within the subpoena power of WDTX. On balance, the court concluded that Microsoft failed to show that WDWA was clearly more convenient than WDTX.

Microsoft now petitions this court challenging the district court's denial of transfer. We have jurisdiction pursuant to 28 U.S.C. §§ 1295(a)(1) and 1651(a). *See In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

## DISCUSSION

In the § 1404(a) transfer context, where we apply regional circuit law (here, the law of the United States Court of Appeals for the Fifth Circuit), *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008), "[w]e review only for clear abuses of discretion that produce patently erroneous results," *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc).  The Fifth Circuit has made clear that while "the decision of whether to transfer a case is committed to the district court's discretion," *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 629 (5th Cir. 2022), the district court "should" transfer when a movant "demonstrates that the transferee [forum] is clearly more convenient," *Volkswagen*, 545 F.3d at 315.

The central dispute in this case is whether WDWA is relatively more convenient for the potential witnesses.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (emphasizing the importance of the relative convenience and cost of attendance for witnesses); § 1404(a) (permitting transfer "[f]or the convenience of parties and witnesses").[*]

---

[*]   Virtru argues that mandamus is inappropriate because Microsoft, without justification, allowed 69 days to pass between the district court's transfer decision and the filing of Microsoft's mandamus petition, and during that interim the district court held a claim construction hearing and construed the disputed claim terms.  By the time the petition was filed, only three months remained until the end of fact discovery and less than eight months remained until trial.  While we do not find this delay to have been so substantial and prejudicial as to warrant denial of the petition, timing considerations are always relevant when we are asked to grant the extraordinary relief of mandamus. *See, e.g.*, *In re Telular Corp.*, 319 F. App'x 909, 911 (Fed. Cir. 2009) (noting that five-month delay in filing petition weighed against granting mandamus); *Peteet v. Dow Chem.*

The district court found no difference in the comparative convenience to the party witnesses, even though it recognized there to be at least 27 such witnesses in WDWA and no such witness in WDTX, because "the only identified Microsoft employees that work on" one of the accused product "team[s] reside in the state of Texas" and that Microsoft did not dispute the relevance of two software engineers who reside in Texas (but outside WDTX). Appx 9.

That was a clear abuse of discretion. Such a substantial imbalance in witness convenience cannot be negated merely by concluding that the convenience of some potential witnesses is so much more important than for others where, as here, there are no case-specific findings to support such a conclusion, none of those witnesses resides in WDTX, and key witnesses were also found in WDWA, *see In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014). *See Volkswagen*, 545 F.3d at 317 ("[I]t is an obvious conclusion that it is more convenient for witnesses to testify at home" given the costs of "being away from work, family, and community." (internal quotation marks and citation omitted)). We thus conclude that the district court's "steep discounting of this factor is unreasonable on the record;" the court "should have [instead] weighed this factor firmly (not slightly) in favor of transfer." *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. 2023).

After correcting for that clear abuse of discretion, consideration of the other relevant factors shows that WDWA is a clearly more convenient forum. Almost twice as many non-party potential witnesses were found in WDWA as compared to WDTX, not only making WDWA more convenient for the majority of those witnesses but also allowing that court to compel their testimony if necessary. The district court also found that the access to sources of proof

*Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) ("Courts have considered a party's delay in denying a motion to transfer.").

factor slightly favors transfer and that "WDWA has a strong local interest," Appx 32, given that a "number of the events that gave rise to this suit took place in Microsoft's headquarters in the WDWA," Microsoft's prior art system, as well as at least two of the accused functionalities, were "likely designed and developed in the WDWA," and "the events giving rise to Virtru's willful infringement allegations also likely took place in the WDWA." Appx 31. The only factor the district court weighed against transfer was court congestion based on a 3- to 7-month time-to-trial difference, but Virtru offers no argument for why that difference should be afforded such great weight as to overcome the other factors weighing in favor of transfer, *see Genentech*, 566 F.3d at 1347.

We therefore conclude that denial of transfer here was patently erroneous. "The center of gravity of this action, focusing on the *Volkswagen* factors and the overriding convenience inquiry is clearly in the [Western District of Washington]"—where the vast majority of potential witnesses with relevant and material information reside, where accused product features were researched, designed, and developed, and where physical evidence is located— "not in the Western District of Texas," where no party witnesses with relevant and material information reside and where no development of either an accused product or a patented invention is alleged to have occurred. *See Google*, 58 F.4th at 1385.

We have considered the parties' remaining arguments and find that they do not change our decision.

Accordingly,

6                                                    IN RE: MICROSOFT CORPORATION

IT IS ORDERED THAT:

The petition is granted. The district court's order denying transfer is vacated, and the district court is directed to grant the transfer motion.

FOR THE COURT

June 7, 2023                                    /s/ Jarrett B. Perlow
    Date                                         Jarrett B. Perlow
                                                 Acting Clerk of Court