REYNA, Circuit Judge.
Vehicle IP, LLC (“Vehicle IP”) appeals from a final judgment of non-infringement of U.S. Patent No. 5,987,377 (“the '377 patent”) from the United States District Court for the District of Delaware in favor of Defendants-Appellees AT & T Mobility, LLC; TeleNav, Inc.; Célico Partnership; Networks in Motion, Inc.; and Telecom- *638 munieation Systems, Inc. (collectively, “Appellees”). Because we agree with Vehicle IP that the district court erred in its construction of the claim terms “expected time of arrival” and “way point(s),” we reverse the district court’s constructions, vacate the district court’s grant of summary judgment of noninfringement, and remand for a determination of infringement based on the proper constructions of these terms.
BACKGROUND
I. Background of the Technology
Vehicle IP alleges that the Appellees infringe the '377 patent, entitled “Method and Apparatus for Determining an Expected Time of Arrival.” The '377 patent is directed to improving vehicle navigation systems through more efficient distribution of navigation functions between a remote dispatch and a mobile unit located in the vehicle. The '377 patent claims a system in which a remotely located dispatch generates destination information for the vehicle, while a mobile unit in the vehicle determines vehicle position and calculates an expected time of arrival at a destination.[1] Such destination information may include, for example, one or more destinations, routing information, information regarding tasks to be performed at each destination specified, average travel time to each destination, rush hour, traffic and weather information.
Figure 2 of the '377 patent illustrates this process.
[[Image here]]
'377 patent fig. 2. Figure 2 shows that dispatch 20 communicates with mobile unit 42 through mobile telecommunications switching office 32 and transmitter site 34. The destination information is then sent to mobile unit 42 and is used to determine the vehicle’s expected time of arrival at one or more destinations, such as C, D, or E.
*639 The '377 patent also claims the use of a plurality of way points for a more accurate calculation of road distance to the destination, allowing for a more accurate calculation of expected time of arrival at a final destination. Once mobile unit 42 in the vehicle receives the destination information, it determines the vehicle’s current position and compares it to the way points along the route, such as way points C and D. Mobile unit 42 then determines the expected time of arrival for one or more destinations, such as C, D, or E, to provide an updated expected time of arrival as the vehicle changes position throughout the trip.
Claim 1 is representative of the '377 patent’s use of the disputed claim terms and is reproduced below.
1. A system for determining an expected time of arrival of a vehicle equipped with a mobile unit, comprising:
a dispatch remotely located from the vehicle, the dispatch operable to generate destination information for the vehicle, the destination information specifying a plurality of way points;
a communications link coupled to the dispatch, the communications link operable to receive the destination information for the vehicle from the dispatch; and
the mobile unit coupled to the communications link, the mobile unit operable to receive from the communications link the destination information for the vehicle generated by the dispatch, the mobile unit further operable to determine a vehicle position, the mobile unit further operable to determine in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information and wherein the communications link comprises a cellular telephone network.
'377 patent col. 14 1. 62-col. 15 1. 13 (claim 1) (emphases added).
II. Procedural Background
On December 31, 2009, Vehicle IP filed this action against Appellees in the United States District Court for the District of Delaware, asserting that Appellees infringe the '377 patent. On December 12, 2011, the district court issued an order construing the disputed claim terms of the '377 patent, including “expected time of arrival” and “way point(s).” The district court construed “expected time of arrival” as “time of day at which the vehicle is expected to arrive somewhere (and not remaining travel time).” The district court construed “way point(s)” as “intermediate point(s) on the way to the final destination (and not the final destination itself).”
After the district court construed the claims, Appellees filed two motions for summary judgment. Telecommunication Systems, Inc.; Networks in Motion, Inc.; and Célico Partnership (collectively, “TCS/Cellco”) filed a motion for summary judgment of noninfringement as to the TCS/Cellco accused systems. TeleNav, Inc. and AT & T Mobility LLC (collectively, “TeleNav/AT & T”) filed a second motion for summary judgment of noninfringement as to the TeleNav/AT & T accused systems.[2]
The district court granted both motions. First, the district court found that TCS/Cellco’s accused products did not literally infringe because the accused features do not “determine[ ] a ‘time of day at *640 which the vehicle is expected to arrive somewhere’... at ‘intermediate point(s) on the way to the final destination.’ ” The district court noted that to the extent the features display an “expected time of arrival,” these features did so only for single destinations, not for a “way point.” The district court went on to hold that the TCS/Cellco defendants did not infringe under the doctrine of equivalents because, under Vehicle IP’s theory, such a finding would vitiate the court’s construction of “expected time of arrival.” The district court similarly found that TeleNav/AT & T’s accused products did not infringe because they only determined the expected travel time to a final destination. Again, under Vehicle IP’s doctrine of equivalents theory of infringement, the district court determined that a finding of infringement would vitiate the court’s claim construction of these terms. Thus, the district court granted both motions.
On April 19, 2018, the district court entered judgment in favor of Appellees. Vehicle IP appeals the entry of judgment, challenging the district court’s claim constructions and summary judgment rulings. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).
Discussion
We review district court claim constructions de novo. Lighting Ballast Control LLC v. Philips Elec. N. Am. Corp., 744 F.3d 1272, 1276-77 (Fed.Cir.2014) (en banc).
a. “expected time of arrival”
The district court construed “expected time of arrival” as “time of day at which the vehicle is expected to arrive somewhere (and not remaining travel time).” In doing so, the district court determined that “expected time of arrival” was consistently used by the patentee to mean a time of day. The district court held that “expected time of arrival” could not include remaining travel time because the mobile unit must be capable of comparing the “expected time of arrival” to an appointment time, which the specification repeatedly lists in clock-time format.
Vehicle IP argues that the district court erred in excluding remaining travel time from the construction of “expected time of arrival.” Vehicle IP argues that “as a matter of common sense,” if someone were to ask what time one expects to arrive, the answers “in 30 minutes” and “2:00 p.m.” would be equally acceptable. Vehicle IP asserts that the parties’ dispute regarding “expected time of arrival” centers on the term “time,” and the colloquial meaning of “time” is broad. Vehicle IP also contends that the language surrounding the term “time” indicates it should not be limited to a particular format.
Appellees respond that the parties’ dispute is not focused on the term “time,” as Vehicle IP would like this court to believe, but instead is focused on the term “expected time of arrival.”[3] Appellees argue that Vehicle IP disregards the framework set forth by Phillips v. AWH Corp., 415 F.3d 1303, 1314 (Fed.Cir.2005) (en banc), cert. denied, 546 U.S. 1170, 126 S.Ct. 1332, 164 L.Ed.2d 49 (2006), by proposing a “dictionary-definition-first” approach. Appellees further argue that “expected time of arrival” must be construed to enable comparison to an “appointment time,” which shows it must be in clock-time format. Appellees reason that “expected time of arrival” cannot include “remaining travel time.”
*641 The district court erred in excluding remaining travel time from the construction of “expected time of arrival.” Generally, claim terms are given their ordinary and customary meaning as understood by one of skill in the art at the time of the invention. Id. at 1812-18 (citing Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed.Cir.1996); Innova Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111, 1116 (Fed.Cir.2004)). There are two exceptions to this rule: (1) when a patentee sets out a definition and acts as his own lexicographer; or (2) when the patentee disavows the full scope of the claim term either in the specification or during prosecution. Thorner v. Sony Computer Entm’t Am. LLC, 669 F.3d 1362, 1365 (Fed.Cir.2012) (citing Vitronics, 90 F.3d at 1580). A patentee must clearly set forth a definition of the disputed claim term other than its plain and ordinary meaning to act as his own lexicographer. Id. (citing CCS Fitness, Inc. v. Brunswick Corp., 288 F.3d 1359, 1366 (Fed.Cir.2002)). In order to disavow claim scope, the specification must make clear that the invention does not include a particular feature otherwise within the scope of the claim term. Id. at 1366.
As an initial matter, we decline Vehicle IP’s invitation to focus our review on the embedded term “time.” Our review focuses on the district court’s construction of “expected time of arrival,” and our review focuses on this term as a whole. See IGT v. Bally Gaming Int’l, Inc., 659 F.3d 1109, 1117 (Fed. Cir.2011) (“Extracting a single word from a claim divorced from the surrounding limitations can lead construction astray.”).
We conclude that the term “expected time of arrival” is not limited to clock-time. The term is broadly used in the claims of the '377 patent. See, e.g., '377 patent col. 14 1. 62-col. 15 1.13 (claim 1), col. 15 11. 18-23 (claim 4). For example, claim 1 requires:
1. A system for determining an expected time of arrival of a vehicle equipped with a mobile unit, comprising:
the mobile unit further operable to determine in response to the vehicle position the expected time of arrival of the vehicle at the destination identified by the destination information, the mobile unit further operable to determine if the expected time of arrival differs from the corresponding appointment time for the destination by more than a predetermined amount.
Id. col. 14 1. 62-col. 15 1. 13 (claim 1) (emphases added). Nothing in this or any other claim of the '377 patent limits “expected time of arrival” to clock-time.
The claim provides that the mobile unit determines the “expected time of arrival” in remaining travel time based on the destination information transmitted by the dispatch. Id. col. 14 1. 62-col. 15 1. 13 (claim 1). The mobile. unit uses factors such as average travel time, weather conditions, and traffic information to determine the “expected time of arrival.” See, e.g., id. col. 3 11.1-7, col. 1111. 6-12. To do so, the mobile unit will take the average travel time contained in the destination information and modify it based on other destination information, such as traffic conditions, weather, and similar information. Thus,, the expected time of arrival will be calculated in remaining travel time. The expected time of arrival may be then converted to clock-time format, but the patent does not so require. As such, “expected time of arrival” is a broad term that can encompass remaining travel time.
Appellees are correct that some of the disclosed embodiments in the written description focus on clock-time. See, e.g., id. *642 fig. 4, col. 10 11. 28-41. Yet, these examples are not limiting. The written description of the '377 patent uses the phrase “expected time of arrival” numerous times, and it never indicates that the time must be in any particular format. Many portions of the written description are ambiguous as to the format of the “expected time of arrival.” See, e.g., id. col. 11. 44-col. 2 1. 1-33 (Summary of the Invention section describing two embodiments). More importantly, there is no dispute that the specification does not contain an express definition of the term, and nowhere in the specification do the inventors disclaim remaining travel time.
We also reject Appellees’ argument that the “expected time of arrival” must be in clock-time format in order for the mobile unit to compare it to an appointment time. As noted previously, the claims focus on the calculation of “expected time of arrival” by the mobile unit, which can use one format for computing and another format for display. Indeed, the mobile unit could be programmed to maintain the time in any number of different formats. No matter the format, a simple mathematical conversion performed by the device would allow the mobile unit to perform the claimed comparison. Appellees have failed to show that the '377 patent requires the claim term to be in clock-time format or that a clear disavowal or lexicographic choice limits this term to clock-time format.
The prosecution history similarly fails to disavow scope or define the term in a limited manner, as Appellees suggest. Both parties point to the same portion of the prosecution history to support then-respective positions. This section of the prosecution history provides:
Furthermore, neither Ross nor Jones disclose, teach, or suggest a mobile unit operable to determine if an expected time of arrival differs from a corresponding appointment time for a destination by more than a predetermined amount, as recited in Applicants’ Claim 1.
J.A. 3117 (emphases omitted). This portion of the prosecution history is irrelevant to the parties’ dispute regarding remaining travel time. Indeed, the prosecution history, like the specification, is ambiguous as there is no disavowal of remaining travel time, nor is the term limited to clock-time format.
In sum, the intrinsic evidence fails to show that “expected time of arrival” is limited to a time of day. Neither the district court nor Appellees point to any express disclaimer or independent lexicography in the intrinsic record that justifies including the negative limitation “not remaining travel time” in the proper construction of “expected time of arrival.” Omega Eng’g, Inc. v. Raytek Corp., 334 F.3d 1314, 1323 (Fed.Cir.2003) (citing CCS Fitness, 288 F.3d at 1366-67). Thus, the district court erred in reading in this limitation. We hold that the proper construction of “expected time of arrival” is “time of day at which the vehicle is expected to arrive somewhere.”
b. “way point(s)”
The district court construed “way point(s)” as “intermediate point(s) on the way to the final destination (and not the final destination itself).” The district court determined that the patentee used the term “way point(s)” only in the context of determining whether a vehicle is out of route and for more accurate calculations of actual road distance.
Vehicle IP argues that the district court erred because the written description makes clear that “way point(s)” may include the final destination. Vehicle IP argues that the written description distin *643 guishes between “intermediate” way points and other way points. Vehicle IP also argues that the district court’s construction is wrong because it excludes the preferred embodiment described with respect to figure 1. Finally, Vehicle IP argues that the claims recite the term “way point(s)” without any modifiers and provide that the plurality of way points is included in the “destination information.” Thus, Vehicle IP concludes that “way point(s)” may include the destination.
Appellees respond that the '377 patent’s description of figure 2 shows that “way point(s)” may not include the final destination because it distinguishes way points C and D from destination E. Appellees also argue that the district court’s construction properly excludes the embodiment in figure 1 because this embodiment was claimed by the parent of the '377 patent. Finally, Appellees point to contemporaneous dictionary definitions that support their position that a “way point” cannot include the final destination.
The district court erred in excluding final destinations from its construction of “way point(s).” The independent claims require that the destination information sent by the dispatch include “a plurality of way points” and that the mobile unit be capable of determining an “expected time of arrival” at a “way point.” See, e.g., '377 patent col. 14 11. 66-67 (claim 1) (“the destination information specifying a plurality of way points”), col. 1711. 6-7 (claim 32) (“The method of claim 23, further comprising the step of displaying the way points on a map.”). The claims use the term “way point(s)” in a broad manner.
The written description similarly uses the term in a broad manner. First, the written description distinguishes between “way point(s)” and “intermediate way points.” Id. col. 9 11. 33-35 (“Besides reducing out-of-route mileage, the use of intermediate way points improves the calculation of expected time of arrival.”). It provides that “way points may be used as intermediate points between the position of vehicle 40 and the destination.” '377 patent col. 9 11. 37-39. This permissive language indicates that “way point(s)” may be more than just intermediate points along the route.
The district court misinterpreted the written description. The portion of the written description that describes figure 2 provides:
To alleviate this problem, destinations C and D may be used as way points to determine whether the operator of vehicle 40 has driven out of route 52a specified in the destination information generated by dispatch 20. Referring to FIG. 2, dispatch 20 generates destination information specifying that vehicle 40 is to proceed to destination E along route 52a, thus passing through way points C and D.
Id. col. 9 11. 5-12. As Vehicle IP points out, this portion of the written description focuses on determining whether a vehicle has driven outside of the intended route. Doing so requires looking to way points C and D because they are intermediate to the starting point and destination. The fact that the specification refers to “destination E” does not change this conclusion. The specification uses the terms “destination” and “way point(s)” interchangeably. E.g., compare '377 patent col. 8 11. 28-33 (referring to points C and D in figure 2 as destinations), with id. col. 9 11. 12-32 (referring to points C and D in figure 2 as way points). Nothing about this example excludes the final destination E from also being viewed as a “way point.”
The parties present competing extrinsic evidence, including an owner’s manual for one of the first Garmin GPS navigation products from 1992, a contemporaneous *644 patent from 1992, dictionary definitions from a technical dictionary published in 1994 and a non-technical dictionary published in 1993, and two websites from 1998 and 2009. We need not look at this evidence because the intrinsic evidence is clear that there was no disavowal or lexicographic choice. See Phillips, 415 F.3d at 1324 (noting extrinsic evidence is properly used in claim construction unless it is used to vary the meaning of an unambiguous claim term). As this court noted in Phillips, there is an “unbounded universe” of potential extrinsic evidence having differing levels of relevance, and each party will naturally choose the pieces most favorable to its position. Id. at 1318. Here we are presented with such a situation. The extrinsic evidence conflicts ais to the proper meaning and is generally of marginal relevance to the meaning of the term “way point(s)” as used in the '377 patent in February 1995.
As with “expected timed of arrival,” nothing in the patent shows a disavowal of claim scope or a lexicographic decision to limit the definition of this term. For this reason, the district court erred in limiting the term “way point(s)” to intermediate destinations along a route. We hold that the proper construction of “way point(s)” is “a geographical point of reference or destination along a route.”
CONCLUSION
The district court erred in its construction of the terms “expected time of arrival” and “way point(s),” and relying on these erroneous constructions, granted summary judgment of non-infringement in favor of Appellees. We reverse the district court’s claim constructions, vacate the final judgment of non-infringement, and remand for a determination of infringement based on the proper constructions of these terms in the first instance.
REVERSED-IN-PART, VACATED-IN-PART, AND REMANDED
Costs
No costs.

. The patent provides that the destination information may also be generated locally at the mobile unit. '377 patent col. 6 11. 2-4.

. The TCS/Cellco accused systems include, inter alia, the TCS Navigator and AtlasBook Navigator platform. The TeleNav/AT & T accused systems include Navigator and Track Premium.

. The TeleNav/AT & T appellees join the arguments made by the TCS/Cellco appellees in their brief as to the proper constructions of the terms in dispute.